UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE MAYES,

                Petitioner,                Case Number 19-13683
v.                                         Honorable David M. Lawson

MICHELLE FLOYD,

                Respondent,
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Michigan prisoner Clarence Mayes is serving a 30-to-50-year prison sentence for the second-degree murder of his wife following a 1993 conviction by a judge sitting without a jury in the Wayne County, Michigan circuit court. His conviction was affirmed on direct appeal, and his motion for post-conviction relief was rejected by the state courts. In 2019, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Mayes acknowledges that the petition was not filed within one year of most of the triggers in the habeas statute of limitations, 28 U.S.C. § 2244(d)(1), except for one: the newly-discovered-evidence provision. He also argues that equitable tolling and his actual innocence excuse the tardy filing. The Court disagrees and will dismiss the petition.

I.

Mayes was charged in the Detroit, Michigan Recorder's Court with first-degree murder and being a second habitual offender for the murder of his wife, Brenda Quinn Mayes. The murder occurred on March 2, 1993 in the couples' Detroit apartment. A neighbor called police after hearing Mayes and Brenda arguing. When police arrived, they found Brenda's body in the bathroom and arrested Mayes. Mayes later gave a custodial statement describing what led to the

killing. Mayes explained that he confronted Brenda about suspicions that she was spending money intended for household expenses on drugs. Mayes picked Brenda up and brought her into the bathroom. He tied a sheet around her mouth to keep her quiet, put some rope around her neck, and handcuffed her arms behind her back. After Brenda was bound in this way, Mayes left the bathroom. When he returned, she was not moving. She started breathing again after he removed the handcuffs and administered CPR. Mayes again left her in the bathroom. When she failed to come out of the bathroom, he went to check on her and found she was not breathing. He tried CPR, but this time she failed to respond. Mayes left the apartment and purchased cocaine which he brought back to the apartment to smoke with another woman. Mayes told the woman that the bathroom was out of order because he did not want her to see Brenda's body.

The forensic pathologist who performed the autopsy determined that Brenda died from asphyxiation due to suffocation and strangling. It would have taken at least five to seven minutes of pressure to cause Brenda's death in this manner.

The trial judge sitting without a jury found Mayes guilty of second-degree murder, and Mayes pleaded guilty to being a second habitual offender. On October 8, 1993, he was sentenced to thirty to fifty years in prison.

Mayes filed an application for leave to appeal in the Michigan Court of Appeals, which affirmed the conviction and sentence. *People v. Mayes*, No. 170807 (Mich. Ct. App. July 10, 1995). On April 29, 1996, the Michigan Supreme Court denied leave to appeal. *People v. Mayes,* 451 Mich. 879, 549 N.W.2d 569 (1996).

According to Mayes, on May 22, 2017, he received a copy of his sentencing information report for the first time and noted what he characterizes as misinformation and material inaccuracies in the report. On March 8, 2018, Mayes filed a motion in the trial court to correct the

sentencing information report, which the trial court denied on April 6, 2018. *People v. Mayes*, No. 93-003558-01 (Wayne Cnty. Cir. Ct. Apr. 6, 2018). The Michigan Court of Appeals denied leave to appeal this decision on November 13, 2018. *People v. Mayes*, No. 344471 (Mich. Ct. App. Nov. 13, 2018). Mayes then filed a motion for leave to appeal in the Michigan Supreme Court, which was denied on September 30, 2019. *People v. Mayes*, 504 Mich. 971 (Mich. Sept. 30, 2019).

Mayes filed the present petition for a writ of habeas corpus on December 5, 2019.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996 and governs the filing date for this action because the petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the prescribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (case filed 13 days after limitations period expired dismissed for failure to comply); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002). Only subparagraph D of the statute is at play in this case.

A.

Mayes argues that his petition is timely under § 2241(d)(1)(D), because the one-year statute of limitations did not begin to run until May 22, 2017, when he learned that his sentencing information report contained inaccuracies. He argues that he had not reviewed the report previously and only learned the contents of the report during a parole board interview on that date.

Mayes maintains that the report incorrectly stated that he put a rope around his wife's neck, handcuffed her hands behind her back, and put a piece of cloth over her mouth. This information, Mayes argues, is not based upon the evidence presented at trial. He states that he was not provided a copy of the sentencing information report before sentencing and that defense counsel failed to indicate whether he had seen the report or whether the report contained inaccuracies.

The record does not support Mayes's arguments. Instead, it shows that Mayes knew about this evidence in 1993 and that his own custodial statement, which was admitted at trial, provided the factual basis for the challenged portion of the sentencing information report. When rendering a verdict, the trial court made a factual determination that Mayes tied a sheet around his wife's mouth, put a rope around her neck, and handcuffed her. This factual finding was supported by Mayes's custodial statement, which included this admission: "I tied a piece of sheet around [Brenda's] mouth to keep her from hollering. I put some rope around her neck. . . . The rope on her neck and the piece of sheet were before I put the handcuffs on her." ECF No. 7-4, PageID.262.

In addition, defense counsel stated at the sentencing hearing that he reviewed the report with Mayes. ECF No. 7-5, PageID.294. Mayes fails to mention this on-the-record statement. The report was also attached as an exhibit to Mayes's direct appeal brief filed in the Michigan Court of Appeals in 1994. *See* ECF No. 7-8, PageID.382-386. This record shows that the factual

predicate for Mayes's claims was clearly known to him decades before this petition was filed. The one-year limitations period under section 2244(d)(1)(D) has come and gone.

Moreover, a federal habeas corpus petition must be filed within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mayes appealed his conviction to the Michigan appellate courts, a process that concluded on April 29, 1996 when the Michigan Supreme Court denied his application for leave to appeal. His conviction became final under section 2244(d)(1)(A) 90 days later, when the time for filing a *certiorari* petition in the United States Supreme Court expired, which was on July 29, 1996, the next business day following a weekend. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The limitations period expired one year later, on July 30, 1997.

It is well accepted that "[t]he limitation period is tolled . . . during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Wall v. Kholi*, 562 U.S. 545, 550-551 (2011) (quoting 28 U.S.C. § 2244(d)(2)). That does not help Mayes, however, because he did not file his post-conviction motion before the one-year limitation period expired. A state court post-conviction motion that is filed after the limitations period expires cannot toll that period because there is no period remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

The petition was not filed within the time allowed by section 2244(d)(1)(A).

B.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). It is a "doctrine" that "is used sparingly," and the burden is on a habeas petitioner to show that he is entitled to it. *Robertson v. Simpson,* 624 F.3d 781, 784 (6th Cir. 2010). Mayes does not satisfy these criteria because he has not explained why he waited for over ten years before pursuing his post-conviction relief in state court, and he has not identified an "extraordinary" circumstance that inhibited the pursuit of his rights. *See Giles v. Wolfenbarger,* 239 F. App'x. 145, 148 (6th Cir. 2007).

C.

In multiple letters and motions, Mayes asserts his innocence of the offense of conviction. Both the Supreme Court and the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). The courts, however, have set the bar high for such a showing. "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also Souter*, 395 F.3d at 590. The habeas petitioner must support his allegations of constitutional error "with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324.

Mayes offers no new evidence. The gist of his repeated claims of innocence is that the prosecution withheld autopsy photographs that showed no evidence of ligature marks around his wife's neck, no evidence that he tied her up or handcuffed her, and no evidence that he "stuff[ed] a rag down her throat." ECF No. 53, PageID.827. He contends that he was the only person shown the autopsy photographs because "the prosecutor conceal[ed] those pictures in the palm of his hand and flash[ed] them at petitioner while on the stand at different intervals." ECF No. 53, PageID.838. Mayes testified at the trial court suppression hearing but did not testify at trial. The Court therefore presumes that Mayes's reference to being on the stand refers to the suppression hearing.

Since the photos were shown to him at the hearing, it follows that Mayes was aware of the photographs before trial commenced and they are not new evidence. Moreover, even if they are newly discovered and show no evidence of injuries to Brenda's neck, they do not make present a credible claim of actual innocence. Weighed against the autopsy report's finding of "abrasions and contusions from force applied around the neck to induce strangulation," ECF No. 1, PageID.57, and Mayes's confession, the photographs do not make it "more likely than not that no reasonable juror would have convicted him." *McQuiggin*, 569 U.S. at 386. Mayes has not satisfied the actual innocence gateway requirements.

### III.

The petitioner filed his habeas corpus petition after the one-year statute of limitations expired under both 28 U.S.C. § 2244(d)(1)(A) and (D). He is not entitled to equitable tolling of the limitations period.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the petitioner's motion for a conditional writ and for summary judgment (ECF No. 57) is **DENIED**.

                                                  s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   October 20, 2021